IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

BUD K WORLDWIDE, INC.,

    Plaintiff,

v.

WHOLESALE GALLERY, INC.,

    Defendant.

CIVIL ACTION FILE NO.:
4:13-CV-0241-HLM

## ORDER

This case is before the Court on Plaintiff's "Motion to

Compel Defendant Wholesale Gallery, Inc.'s Responses to

Plaintiff's First Set of Requests for Admissions, First Set of

Interrogatories and First Set of Requests for Production of

Documents" ("Motion to Compel") [21].

AO 72A

(Rev.8/8
2)

# I.  Background

## A.  Procedural Background

Plaintiff filed this lawsuit on October 8, 2013, alleging Cybersquatting and Contributory Cybersquatting  (Compl. (Docket Entry No. 1) ¶¶ 31-43), Trademark Infringement and Contributory Trademark Infringement under Federal Law (id. ¶¶ 44-64), False Designation of Origin (id. ¶¶ 65-74), Dilution (id. ¶¶ 75-87), Trademark Infringement under Georgia Law (id. ¶¶ 88-96), Copyright Infringement (id. ¶¶ 97-116), and Unfair Competition (id. ¶¶ 117-123). Plaintiff alleges that it operates the website <www.budk.com> ("Plaintiff's Website"). (Id. ¶¶ 8-9.) Plaintiff alleges that Defendant set up an infringing website, <www.budk.net> (the "Infringing Website"), to direct potential customers to

2

Defendant's own website, <www.kaswords.com> ("Defendant's Website"). (Id. ¶¶ 15-17.)

On June 9, 2014, Plaintiff filed the instant Motion to Compel. (Docket Entry No. 21.) Defendant responded on June 26, 2014 (Docket Entry No. 25), and on July 11, 2014, Plaintiff filed its reply (Docket Entry No. 26). On July 16, 2014, Plaintiff filed a Motion for Sur-reply. (Docket Entry No. 27.) The Court granted that Motion, allowing Plaintiff seven days to file the requested additional brief. (Docket Entry No. 29.) On July 24, 2014, eight days after being granted leave to file, Plaintiff filed its sur-reply.[1] (Docket Entry No. 30.) Consequently, the Court finds the briefing process is

---

[1] The Court exercises its discretion to review the arguments made in Plaintiff's sur-reply despite the late filing by Plaintiff.

complete, and Plaintiff's Motion to Compel is ripe for resolution.

## B.   Discovery Requests

The instant Motion consists of nine single-spaced pages of requests for admission, interrogatories, and requests for production which Plaintiff alleges Defendant refused to adequately answer. (See generally Br. Supp. Mot. Compel (Docket Entry No. 21-1).) The disputed requests, along with Defendant's responses, are as follows:

REQUEST FOR ADMISSIONS NO. 1: That Defendant has operated a website Kaswords.com having a domain name budk.net.
WHOLESALE'S RESPONSE: Objected to as unintelligible and internally inconsistent. However, if possible of understanding, denied.

REQUEST FOR ADMISSIONS NO. 3: That [Defendant's Website] uses the mark SECRET AGENT in connection with goods.

4

WHOLESALE'S RESPONSE: Objected to as irrelevant, and yet further unintelligible inasmuch as [Defendant's Website] is a domain name, and which has had many websites associated therewith on a continuously changing basis. Moreover averred that the term "secret agent" is widely used in the cutlery industry by those other than the Plaintiff, and who are shown to have priority over Plaintiff via citations as used on the Internet, and all of which is known to Plaintiff, who thus has alleged trademark rights to the "secret agent" term in bad faith.

REQUEST FOR ADMISSIONS NO. 5: That Defendant handled the orders for goods ordered off [Defendant's Website].
WHOLESALE'S RESPONSE: Objected to as irrelevant, and yet further unintelligible inasmuch as [Defendant's Website] is a domain name, and which has had many websites associated therewith on a continuously changing basis. However, insofar as this request could be understood, admitted.

REQUEST FOR ADMISSIONS NO. 6: That [Defendant's Website] offered swords and knives for sale.

5

WHOLESALE'S RESPONSE: Objected to as irrelevant, and yet further unintelligible inasmuch as [Defendant's Website] is a domain name, and which has had many websites associated therewith on a continuously changing basis. However, insofar as this request could be understood, admitted.

REQUEST FOR ADMISSIONS NO. 7: That [Defendant's Website] contained pictures known by Defendant to have originated from Plaintiff.

WHOLESALE'S RESPONSE: Objected to as irrelevant, and yet further unintelligible inasmuch as [Defendant's Website] is a domain name, and which has had many websites associated therewith on a continuously changing basis. However, insofar as this request could be understood, denied.

REQUEST FOR ADMISSIONS NO. 10: That Defendant was aware of the trademark BUDK prior to the adoption of the [Infringing Website].

WHOLESALE'S RESPONSE: Objected to, inasmuch as Defendant did not adopt the [Infringing Website]. However, admitted that the parties had previously done business together.

6

REQUEST FOR ADMISSIONS NO. 12: That Defendant operated [Defendant's Website].

WHOLESALE'S RESPONSE: Objected to as irrelevant. However, admitted, if use of the past tense is meant to be inclusive rather than exclusive.

INTERROGATORY NO. 7: If Defendant claims to have acquired any right to the [Infringing Website] domain name from any person, identify all documents relating or referring to each such acquisition or acquiring of any right.

WHOLESALE'S RESPONSE: The defendant makes no such claim, and does not own or use [the Infringing Website].

INTERROGATORY NO. 11: Identify any outside person employed or consulted by you and/or any predecessor in connection with the origination, adoption, acquisition or decision to use the [Infringing Website] domain name.

WHOLESALE'S RESPONSE: Objected to. There was no such origination, adoption, or decision. Moreover, this domain name is not owned by the Defendant, but rather and upon information and belief by an entity associated with Go Daddy.

7

However, and as Plaintiff is aware from the prior dealings between the parties, Kyle Adam is the principal of the Defendant.

INTERROGATORY NO. 12: Identify any outside person employed or consulted by you and/or any predecessor in connection with the origination, adoption, acquisition or decision to use the SECRET AGENT mark.
WHOLESALE'S RESPONSE: Objected to. There was no such origination, adoption, acquisition or decision. However, and as Plaintiff is aware from the prior dealings between the parties, Kyle Adam is the principal of the Defendant.

INTERROGATORY NO. 13: State the amount of monies Defendant has spent on advertising of [Defendant's Website], listing the amounts spent by year.
WHOLESALE'S RESPONSE: Objected to as irrelevant, beyond the scope of the issues herein, and not likely to lead to the production of admissible evidence. Nonetheless, and insofar as the Interrogatory may be understood, the answer is zero.

INTERROGATORY NO. 14: State the amount of sales that Defendant has obtained on goods

8

disclosed in [Defendant's Website] identified by the SECRET AGENT mark.

WHOLESALE'S RESPONSE: Objected to as irrelevant, beyond the scope of the issues herein, not likely to lead to the production of admissible evidence, and unduly harassing. Indeed, the [sic] known facts demonstrate that no one has any exclusive right in and to the (albeit unregistered) term "Secret Agent", inasmuch as it is widely used in the cutlery industry by a variety of producers and sellers.

INTERROGATORY NO. 15: State the amount of sales originating from [Defendant's Website] that were processed by Defendant.

WHOLESALE'S RESPONSE: Objected to as irrelevant, beyond the scope of the issues herein, not likely to lead to the production of admissible evidence, overly broad, and unduly harassing.

INTERROGATORY NO. 20: Identify any document in Defendant's possession that refers to the named Plaintiff in the Complaint.

WHOLESALE'S RESPONSE: Identify any document in Defendant's possession that refers to the named Plaintiff in the Complaint.[2]

---

[2]This repetitive statement appears to be a clerical error in

REQUEST FOR PRODUCTION NO. 1: All Documents, the identity of which are requested in Plaintiff's First Set of Interrogatories.

WHOLESALE'S RESPONSE: The responses set forth in the answers to Interrogatories are respectfully incorporated by reference herein. Defendants will produce un-objected to, relevant and material, non-privileged documents, if any, at a time and place and in a format agreed upon between the parties, and upon entry of a suitable Protective Order.

REQUEST FOR PRODUCTION NO. 2: All Documents which mention or identify the named Plaintiff.

WHOLESALE'S RESPONSE: Objected to as irrelevant, beyond the scope of the issues herein, not likely to lead to the production of admissible evidence, overly broad and unduly harassing. However, there may be a multiplicity of such documents, inasmuch as the parties had previously done business together. Hence, if Plaintiff would choose to narrow this request, the Defendant would be pleased to consider a further response. The responses set forth in the answers to Interrogatories are respectfully incorporated by

---

Plaintiff's brief or request.

10

reference herein. Defendants will produce un-objected to, relevant and material, non-privileged documents, if any, at a time and place and in a format agreed upon between the parties, and upon entry of a suitable Protective Order.

REQUEST FOR PRODUCTION NO. 3: All originals or copies of all advertising and/or packaging of Defendant directed to Defendant's use of the words SECRET AGENT.

WHOLESALE'S RESPONSE: The responses set forth in the answers to interrogatories are respectfully incorporated by reference herein. Defendants will produce un-objected to, relevant and material, non-privileged documents, if any, at a time and place and in a format agreed upon between the parties, and upon entry of a suitable Protective Order.

REQUEST FOR PRODUCTION NO. 9: All documents directed to cease and desist letters to Defendant concerning copyright and trademark matters.

WHOLESALE'S RESPONSE: Objected to as ambiguous. Objected to as irrelevant, beyond the scope of the issues herein, not likely to lead to the

AO 72A
(Rev.8/8
2)

production of admissible evidence, overly broad and unduly harassing.

REQUEST FOR PRODUCTION NO. 10: All documents relating to copyright, trademark and patent litigation initiated against Defendant by third parties other than Plaintiff within the last five (5) years.
WHOLESALE'S RESPONSE: Objected to as irrelevant, beyond the scope of the issues herein, not likely to lead to the production of admissible evidence, overly broad and unduly harassing. Nonetheless, the answer is that there are no such documents.

(Id. at 2-8.)

## C.   Communications Among Counsel

Plaintiff attached a letter from Defendant's counsel that Plaintiff characterizes as Defendant's refusal to respond to the discovery requests enumerated above. (See Mot. Dismiss Ex. 1 (Docket Entry No. 21-2).) However, the letter is a rejection of a settlement offer, and does not discuss

12

discovery. (<u>See generally</u> <u>id.</u>) It states that Defendant "must reject [Plaintiff's] settlement demand, and reciprocally demand that the case be dismissed – immediately and with prejudice."

## II.   Discussion

### A.   Parties' Positions

#### 1.   Plaintiff's Motion

Plaintiff gives the same reasoning as to why each of Defendant's responses to Plaintiff's Requests for Admission are inappropriate. Plaintiff states:

> Plaintiff asks for a denial or an admission. Defendant has sufficient knowledge to response [sic]. Under Rule 36(a)(4), a denial must fairly respond to the substance of the matter and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must

13

specify the part admitted and qualify or deny the rest.

(Br. Supp. Mot. Compel. at 2-4.)

With regard to Interrogatories 7, 11, and 12, Plaintiff accuses Defendant of lying in its responses. Defendant asserts that it never owned or used the Infringing Website or the "Secret Agent" mark, and Plaintiff states that Defendant did indeed use both the Infringing Website and the "Secret Agent" mark. (See Br. Supp. Mot. Compel at 4-5.)

With regard to Interrogatories 13, 14, and 15, Plaintiff asserts that "[s]ales are necessary to determine damages and dilution of the mark as well as proving the unfair competition claim." (Br. Supp. Mot. Compel at 5-6.)

14

It is difficult to discern Plaintiff's position with regard to Interrogatory 20 due to a clerical error in Plaintiff's brief, but Plaintiff appears to assert generally that documents referring to Plaintiff "would lead to relevant discovery." (Br. Supp. Mot. Compel at 7.)

With regard to Requests for Production 1, 2, and 3, Plaintiff asserts that Defendant's requested protective order is now in place and consequently Defendant's objections are moot. (Br. Supp. Mot. Compel at 8.)

Finally, Plaintiff asserts the documents requested in Requests for Production 9 and 10 are relevant. (Br. Supp. Mot. Compel at 9.)

15

## 2.   Defendant's Response

With regard to Plaintiff's Requests for Admission, Defendant's primary contention is that Plaintiff fails to provide a relevant time limitation for its requests regarding the operation of Defendant's Website. (See Def.'s Resp. Mot. Compel (Docket Entry No. 25) at 4-8.) Further, Defendant reiterates that Request for Admission Number 1 is unintelligible. (Id. at 3-4.) Defendant also reemphasizes its admission of Request For Admission Numbers 5 and 6, and its denial of Requests for Admission Numbers 7 and 10.

Defendant asserts that its answers to Interrogatories 7, 11, 12, and 13 are unambiguous and complete. (See Def.'s Resp. Mot. Compel at 8-10.) Further, Defendant asserts that it produced documents reflecting its sales of goods

16

containing disputed trademarks in response to Interrogatories 14, 15, and 20. (Id. at 10-11.) However, Defendant asserts that it should not be required to disclose sales unrelated to disputed goods. (Id.)

Finally, Defendant asserts it has produced all documents responsive to Requests for Production 1, 2, and 3. (See Def.'s Resp. Mot. Compel at 11-13.) However, with regard to Requests for Production Numbers 9 and 10, Defendant asserts that any cease and desist letters received by Defendant or documents relating third party litigation filed against Defendant are irrelevant and undiscoverable in the instant lawsuit. (Id. at 13-14.)

17

### 3.   Plaintiff's Reply

With regard to Request for Admission Number 1, Plaintiff attempts to clarify its request by stating that "Defendant has either operated a website having the name 'Kaswords.com' on it or it has not. That website has either used the domain name 'budk.net' or it has not." (Pl.'s Reply (Docket Entry No. 26) at 3.)

With regard to Request for Admission Number 3, Plaintiff attempts to clarify its request by stating that "[e]ither 'kaswords.com' used the mark 'SECRET AGENT' in connection with goods or it did not." (Pl.'s Reply at 4.) Plaintiff also accuses of Defendant of attempting to argue the validity of Plaintiff's trademark rights rather than simply answering the question presented. (Id.)

18

With regard to Requests for Admission Number 5, 6, and 7, Plaintiff again asserts that its requests for information about Defendant's Website are sufficiently clear. (Pl.'s Reply at 4-5.) Plaintiff also emphasizes that requests for admission regarding sales from Defendant's Website are relevant and should be either admitted or denied. (Id.)

With regard to Request for Admission Number 10, Plaintiff assert that Defendant's response is improper, and that it must either admit or deny the request. (Pl.'s Reply at 5.) With regard to Request for Admission Number 12, Plaintiff also asserts that Defendant's objection is improper and that operation of Defendant's Website is relevant to the instant dispute. (Id.)

19

With regard to Interrogatories 7, 11, and 12, Plaintiff again is mistrusting of Defendant's responses. (<u>See</u> Pl.'s Reply at 5-6.) Plaintiff points out that Defendant admitted ownership of the Infringing Website in its Answer. (<u>Id.</u> at 6.) Plaintiff emphasizes that it requested information about any <u>outside</u> person employed by Defendant in connection with the Secret Agent mark or the Infringing Website, so Defendant's identification of its own principal is unresponsive. (<u>Id.</u>)

With regard to Interrogatories 13, 14, and 15, Plaintiff again asserts that sales and advertising figures are relevant to this lawsuit. (Pl.'s Reply at 6-8.) Plaintiff also asserts that Defendant's response that it spent no money on advertising of Defendant's Website is "incredulous." (<u>Id.</u> at 7.) Plaintiff

20

states, without citing to any record, that Defendant's principal testified at a deposition that Defendant distributed advertising flyers and brochures. (Id.)

With regard to Interrogatory Number 20, Plaintiff asserts that its agreement to exclude invoices, orders, or sales documents between the parties makes the request sufficiently specific. (Pl.'s Reply at 8.)

With regard to Requests for Production 1, 2, and 3, Plaintiff asserts that, despite Defendant's claim to have produced documents to Plaintiff, none have been received. (Pl.'s Reply at 8-9.)

With regard to Request For Production Number 9, Plaintiff states that the requested cease and desist letters "go to a pattern and practice of infringement on the part of

21

Defendant and are relevant to whether Defendant acted in good faith towards Plaintiff." (Pl.'s Reply at 9.)

Finally, Plaintiff withdraws Request for Production Number 10. (Pl.'s Reply at 9.)

### 4.    Plaintiff's Sur-reply

In requesting its sur-reply, Plaintiff asserted that, in between filing its reply and filing the instant Motion, it discovered that, on June 26, 2014, Defendant emailed documents to one of Plaintiff's counsel's email accounts that is "not regularly used or monitored."[3] (Mot. Sur-reply (Docket Entry No. 27) ¶ 4.) Apparently, upon reading

---

[3]The Court notes that this allegedly unmonitored account is listed as Plaintiff's counsel's contact email on its website. See GIPPLE & HALE, http://gipplehale.com/ (listing GippleHale@GippleHale.com as Plaintiff's counsels email address).

22

Defendant's response in which Defendant stated certain documents were produced, no effort was made to call Defendant's counsel and ask where said documents were. Instead, Plaintiff filed its reply asserting that no documents were produced, only to request a sur-reply days later. Nonetheless, in hopes of avoiding a second motion to compel, the Court will address the contentions in Plaintiff's sur-reply.

With regard to Interrogatory Number 14 and Request for Production Number 1, Plaintiff asserts that "Defendant's purported production of documents by email fails to meet the requirements of [Federal Rule of Civil Procedure] 33(d), as well as [Federal Rule of Civil Procedure] 34(b)(2)(E) which requires that documents be produced either as they

23

are kept in the ordinary course of business or organized and labeled to correspond with the categories in the request." (Pl.'s Sur-reply (Docket Entry No. 30) at 4; see also id. at 5 (same complaints with regard to Defendant's response to Request for Production Number 1).)

With regard to Request for Production Number 2, Plaintiff repeats its earlier complaints and states that "it is not possible that Defendant has only thirty-four (34) relevant, non-privileged documents in its possession, custody, or control that are responsive to Plaintiff's discovery requests." (Pl.'s Sur-reply at 6.)

Finally, with regard to Request for Production Number 3, Plaintiff essentially re-asserts its previous arguments, stating that "Defendant's principal, Kyle Adam, testified at

AO 72A
(Rev.8/8
2)

deposition that Defendant distributed flyers and brochures.

Therefore, the requested documents must exist and can be

produced." (Pl.'s Sur-reply at 7.)

## B.   Discussion

### 1.   Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All

25

discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).  Rule 26(b)(2)(C), in turn, states:

On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i)   the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii)  the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

26

Federal Rule of Civil Procedure 37(a)(1) provides:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1).  Rule 37(a)(3)(B) allows "[a] party seeking discovery" to file a motion to compel if, among other things, "a party fails to answer an interrogatory submitted under Rule 33" or a party fails to respond to a request for production.  Fed. R. Civ. P. 37(a)(3)(B).  For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

27

The discovery "[p]roponents must show relevance."

Southard v. State Farm Fire & Cas. Co., No. CV411-243,

2012 WL 2191651, at *2 (S.D. Ga. June 14, 2012).  One

court observed:

> The relevancy showing "progresses in layers. When the discovery appears relevant on its face, the party resisting it must show the lack of relevance by demonstrating that it: (1) does not come within the broad scope of relevance as defined under [the] discovery rule[s]; or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure.  When the relevancy of a discovery request is not apparent on the face of the request, then the party seeking the discovery has the burden to show its relevancy."

Id. at 2 n.4 (emphasis in original) (quoting Zorn v. Principal

Life Ins. Co., No. CV 609-081, 2010 WL 3282982, at *2

(S.D. Ga. Aug. 18, 2010)).

28

## 2.   Application

### a.   Initial Matters

As an initial matter, the Court notes that there is no indication whatsoever that the Parties attempted to sort out these discovery issues in good faith prior to Plaintiff's filing of the instant Motion. The letter from Defendant cited to by Plaintiff as evidence of its counsel's good faith conferral, and the conferral's ultimate failure, is headed "Re: Bud K settlement demand" and fails to mention any of the disputed discovery requests. (See Mot. Compel Ex. 1 (Docket Entry No. 21-2) at 2-4.) This failure to confer is plainly evident in the Motion and responses, which initially failed to even agree on whether and what documents have been exchanged by the parties. (Compare Def.'s Resp. at 11-13

29

(stating that Defendant provided documents to Plaintiff) with Pl.'s Reply at 8-9 (stating that Plaintiff is yet to receive any responsive documents).) Indeed, the only reason Plaintiff's sur-reply had to be requested was because of the Parties' counsel's inability to communicate with each other. The Court could deny the instant Motion on these grounds alone. Nonetheless, in the interests of resolving this lawsuit as expediently as possible, the Court will venture to sort out the Parties' issues below.

### b. Request for Admission Number 1

Though Request for Admission Number 1 is worded poorly, the information Plaintiff wants is clear. Plaintiff is asking: at some point in the past, if an individual were to put "www.budk.net" into a web browser would a web page titled

30

"kaswords.com" load, and did Defendant operate that web page. Defendant can either admit or deny those questions.

### c.   Requests for Admission Number 3, 5, 6, 7

Defendant's attempt to skirt these requests by stating that "kaswords.com is a domain name, [] which has had many websites associated therewith on a continuously changing basis" is not well taken. (Mot. Compel at 2-3.) It is clear that Plaintiff is referring to the time during which Defendant operated that website. Defendant must either admit or deny the requests as such.

### d.   Request for Admission Number 10

Defendant's response to request for Admission Number 10 appears to be in conflict with Defendant's Answer. In the

31

Answer, Defendant admits that it stated to Plaintiff that it would cease use of the Infringing Website. (Answer (Docket Entry No. 6) ¶ 20.) Defendant also admits that it owns the infringing website. (Id. ¶ 21.) Defendant now states that it did not "adopt" the "budk.net domain name." (Mot. Compel at 4.) Defendant must clarify these apparently contradictory statements.

### e.    Request for Admission Number 12

The Court finds nothing ambiguous with Defendant's admission that it operated Defendant's Website. Consequently, the Motion to Compel is denied with respect to Request for Admission Number 12.

32

### f.    Interrogatory Number 7

Defendant's response to Interrogatory Number 7 is again in conflict with its answer. (<u>Compare</u> Mot. Compel at 5 ("[Defendant] does not own or use this domain name.") <u>with</u> Answer ¶ 21 ("On information and belief, the 'budk.net' domain name is still owned by [Defendant] and has not been cancelled . . . Admitted.").) Defendant must clarify these inconsistencies.

### g.    Interrogatories 11 and 12

Again, Defendant's assertion that it did not own the Infringing Website is in conflict with its answer. Defendant must clarify these inconsistencies. Further, Plaintiff requests the identity of "outside person[s]," so Defendant's response that "Kyle Adams is the principal of Defendant" is non-

33

responsive. (Mot. Compel at 5.) The Court directs Defendant to respond fully to Interrogatories 11 and 12.

### h.   Interrogatories 13, 14, and 15

Federal Rule of Civil Procedure 34(b)(2)(E) requires Parties to "produce documents as they are kept in the usual course of business or must organize and label them to correspond to categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). Further, "If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form." Fed. R. Civ. P. 34(b)(2)(E)(ii). The Court fails to see, and Plaintiff does not explain, why an email containing PDFs of requested documents is not a form in which documents are ordinarily

34

maintained or a reasonably usable form. Indeed, Plaintiff does not specify how else it would like to receive documents. The Court consequently denies Plaintiff's Motion to the extent it complains of the form in which requested documents were provided.

To the extent Plaintiff complains that the documents are not labeled to correspond to the categories in the request, the Court agrees that the documents provided appear to be unlabeled spreadsheets containing myriad sales information that may or may not be related to Plaintiff's requests. (See generally Def.'s Resp. Exs. A-F (Docket Entry Nos. 25-1 through 25-6).) The Court consequently directs Defendant to supplement the produced spreadsheets with an explanation of exactly what

35

the spreadsheets contain and which requests they are responsive to.

With regard to Plaintiff's request for "total sales," the Court agrees that total sales are not relevant to the instant case, and notes that only sales associated with accused goods would be relevant. The Court disagrees with Plaintiff's assertion that "[w]ithout Defendant's total sales figures there is no way to apportion the sales from goods identified with Plaintiff's marks." (Pl.'s Reply at 8.) Sales of accused goods, and the profits derived from those sales, should be easily calculable from the cost of those goods, the number of those goods sold, and the price which was charged for those goods.

36

Finally, the Court must accept Defendant's assertion that it spent "zero" dollars on advertising for its website. (See Def.'s Resp. at 10.) Though Plaintiff is suspicious of this assertion, Plaintiff provided the Court with no citations to contrary evidence.

### i.    Interrogatory Number 20

Plaintiff's request "for any document in Defendant's possession that refers to the named Plaintiff in the Complaint" is overbroad. (Mot. Compel at 6.) Plaintiff must specify what kind of documents it requests, why they are relevant, and place some kind of relevant temporal limitation on the request. Consequently, Plaintiff's Motion is denied with respect to Interrogatory Number 20.

37

### j.    Requests for Production Number 1, 2, and 3

To the extent Plaintiff takes issue with Defendant's document production, the Court directs Defendant to supplement its production as directed <u>supra</u> Part II.B.2.h. Further, with regard to Request for Production Number 2, the Court once again finds that Plaintiff's request for all documents mentioning the named Plaintiff is overbroad. <u>See</u> <u>supra</u> Part II.B.2.i. Finally, with regard to Request for Production Number 3, though Plaintiff takes issue with Defendant's assertion that no further documents exist, Plaintiff provides no evidence suggesting otherwise. Though Plaintiff asserts that "Defendant's principal . . . testified at deposition that Defendant distributed advertising flyers and brochures," Plaintiff does not provide the Court with any

38

deposition testimony, or any indication that such flyers and brochures contained the words "Secret Agent." (See Pl.'s Sur-Reply at 7.) Consequently, the Court must take Defendants at their word that no further documents exist.

### k.    Request for Production Number 9

Finally, Plaintiff's Request for Production Number 9 is overbroad. This lawsuit is about Defendant's alleged infringement of Plaintiff's marks. Whether Defendant did or did not receive cease and desist letters from third parties is not relevant. Further, Plaintiff places no temporal restrictions on its request. Consequently, Plaintiff's Motion is denied with respect to Request for Production Number 9.

39

## III.   Conclusion

ACCORDINGLY, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Compel [20]. Defendant is **DIRECTED** to supplement its discovery as outlined in the body of this Order, and must do so within **FOURTEEN (14) DAYS**. Plaintiff's Motion is **DENIED** in all other respects.

IT IS SO ORDERED, this the 24 day of July, 2014.

_____
UNITED STATES DISTRICT JUDGE

AO 72A

(Rev.8/8
2)