IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

_____

| | |
|---|---|
| **BUD K WORLDWIDE, INC.,** | **CIVIL ACTION NO:** |
| Plaintiff, | **4:13-CV-00241-HLM** |
| v. | **JURY TRIAL DEMANDED** |
| **WHOLESALE GALLERY, INC.** | |
| Defendant. | |

_____

### WHOLESALE GALLERY'S CONSOLIDATED TRIAL BRIEF

In conservation of the judicial resource, the Defendant Wholesale Gallery believes that these are *di minimis* cases[1] that should not be tried[2]. The remaining issue here appears to be the Plaintiff's insistence upon receiving a monetary tribute. It is respectfully urged that, under the prevailing facts, monetary relief would not be appropriate.

### I. The Important Facts

The parties had long since done business together, with Wholesale selling goods purchased from Plaintiff. Plaintiff did not send any communication

---

[1] also including herewith, *Bud K Worldwide, Inc. v. Wholesale Gallery, Inc.,* Civil Action File No.: 4: 13-CV-0241-HLM.

[2] We express our appreciation to opposing counsel, who have co-operatively and professionally sought to reduce issues and to consolidate the two related cases for trial.

1

terminating this relationship between the parties. Plaintiff did not request that these designations be removed from the Wholesale Gallery websites. And, the Plaintiff did not send a cease and desist letter, but rather simply filed suit.

Secondly, upon being advised of the Plaintiff's animus, Wholesale immediately took down the accused items from its Internet website.

Thirdly, the photograph(s) posted by Wholesale on its website had been lawfully received from the Plaintiff, and Wholesale had verily believed that it had a full legal right to use those photographs in the lawful sale of goods. Moreover, Wholesale's avowed practice has been to take <u>its own photographs</u> of the actual goods for use on its website.

Fourthly, Wholesale's website truthfully advertised that Wholesale continued to deal in a wide variety of goods from among the many national brands of cutlery products, including Plaintiff.

Fifthly, several items of accused goods came to Wholesale from China <u>with the trademarks already included on the item</u>, and thus Wholesale believed that these trademarks were owned by the Chinese, and up to the filing of the present lawsuit had been given no reason to question this reasonable belief.

Sixthly, Wholesale is willing to stipulate to any rational injunction, although none appears to be appropriate where (as here) the accused conduct has ceased and is unlikely to be repeated.

## II. The Relevant Law on Damages

As to the grant of any trademark damages, "the Lanham Act … expressly confers upon district judges wide discretion in determining a just amount of recovery for trademark infringement." *Ramada Inns, Inc. v. Gadsden Motel Co.*, 804 F. 2d 1562 (11th Cir.1986). Thus, any award of "profits" would be within the equitable powers of the Court to withhold, or to grant. *Id.*

Some Circuits require a showing of "willful Infringement" for a grant of "profits". See, *e.g., Internat'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger, U.S.A., Inc.,* 80 F.3d 749, 753 (2d Cir. 1996); *Western Diversified Servs., Inc. v. Hyundai Motor America, Inc.,* 427 F.3d 1269 (10th Cir. 2005); *Fishman Transducers, Inc. v. Paul*, 684 F.3d 187, 191 (1st Cir. 2012).

In regard to the possible granting of "profits", other Circuits have required an analysis of several factors. *LaQuinta Corp. v. Heartland Properties, LLC*, 603 F.3d 327, 342 (6th Cir. 2010), citing *Synergistic Int'l, LLC v. Korman,* 470 F.3d 162, 175-176 (4th Cir. 2006), which had adopted the multi-factorial test set forth in *Quick Technologies v. Stage Group, PLC*, 313 F.3d 338, 348-49 (5th Cir. 2003):

1. whether the defendant had the intent to confuse or deceive,
2. whether sales have been diverted,
3. the adequacy of other remedies,

4. any unreasonable delay by the plaintiff in asserting his rights,

5. the public interest in making the misconduct unprofitable, and

6. whether it is a case of palming off. *Id.*

"Section 1117(a) remedies are awarded `subject to the principles of equity.' Thus, an award of the defendant's profits is not automatic." *Quick Technologies, Inc. v. The Sage Grp. PLC,* 313 F.3d 338, 349 (5th Cir. 2002).

> "It is important to remember that the remedy of an accounting of profits has its historic roots in equity jurisprudence. Therefore, it retains a strong flavor of equitable discretion. An accounting of profits is never automatic. **The courts carefully retain the right to withhold the remedy if, in view of the overall facts and equities of the case, it is not appropriate."** (emphasis added) *MCCARTHY ON TRADEMARKS* § 30.59 (4th ed. 2008).

That is the case here.

## Conclusion

The Plaintiff's actions here have significantly contributed to any purported problem by failing to act reasonably. Thus, according to the equitable principles set forth in 15 USC §1117 and the case law decided thereunder, the Plaintiff should be denied any monetary relief.

Respectfully submitted this 18th day of December, 2014.

*/s/ Robert M. Ward*

Robert M. Ward
(Georgia Bar No. 775401)
3455 Peachtree Road NE, 5th Floor
Atlanta, GA
Phone 404-606-6480
E-mail: bmwlaw@aol.com

*Attorney for the Defendant*

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing was filed on the date set forth hereon electronically via CM/ECF in the United States District Court for the District of Georgia, with notice and copy of same being electronically served by the Court upon all counsel of record.

*/s/ Robert M. Ward*

*Attorney for the Defendant*